## LOSS ROBINSON v. STATE.

No. A-1181.   Opinion Filed January 27, 1912.

Appeal from Atoka County Court; Baxter Taylor, Judge.

Loss Robinson was convicted of violating the prohibitory law, and appeals.   Reversed and remanded.

J. G. Ralls and J. H. Gernert, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM.   Plaintiff in error was convicted at the March, 1911, term of the county court of Atoka county on a charge of having possession of intoxicating liquor with intent to sell the same, and on the 5th day of April, thereafter, was adjudged to pay a fine of fifty dollars and be confined in the county jail for a period of thirty days. The proof shows that the intoxicating liquor found in the possession of the accused was brought in from Texas, and had not reached its destination at the time it was seized.   There is a total want of proof upon the question of intent.   Possession alone being insufficient to sustain a judgment, and the liquor having come by interstate shipment, the judgment of the trial court is reversed and the cause remanded for a new trial.

---

## E. E. STREATER v. STATE.

No. A-1241.   Opinion Filed January 27, 1912.

Appeal from Seminole County Court; T. S. Cobb, Judge.

E. E. Streater was convicted of violating the prohibitory law, and appeals.   Affirmed.

H. M. Tate, for plaintiff in error.

E. G. Spilman and Smith C. Matson, Asst. Attys. Gen., for the State.

PER CURIAM.   Plaintiff in error was convicted at the March, 1911, term of the county court of Seminole county on a charge of having the unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of fifty dollars and confinement in the county jail for a period of thirty days.   We have carefully examined the record and find that the accused had a fair and impartial trial in every particular.   The instructions of the court were as favorable as the law justifies.   Finding no error in the record to prejudice the substantial rights of the plaintiff in error the judgment of the trial court is affirmed.